FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2013 MAY 22  PM 4: 11

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

**CANDICE BUCKNER,**

　　　　**Plaintiff,**

v.

**JOHN RUTHERFORD, in his official capacity as Sheriff of Duval County, Florida; OFFICER CHALAS DEHLING, individually; OFFICER KENNETH SPENCER, individually; OFFICER DANNY KNOWLES, individually; OFFICER RICHARD VERCRUYSSE, individually; OFFICER PAUL VOUTOUR, individually; and OFFICER CHAD COLLIER, individually,**

　　　　**Defendants.**

Case No.:

3:13-CV-578-J-25JRK

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

　　Plaintiff, Candice Buckner, brings this action seeking monetary damages, attorney's fees, and costs against Defendants John Rutherford, in his official capacity as Sherriff of the Consolidated City of Jacksonville, Florida, and Officers Charlas Dehling, Danny Knowles, Kenneth Spencer, Richard Vercruysse, Paul Voutour, and Chad Collier, individually, and alleges the following:

　　1.　　This is an action for damages, attorney's fees, and costs for the deprivation of Plaintiff's rights secured by 18 U.S.C. §§ 2721-2725, Driver's Privacy Protection Act ("DPPA"), and 42 U.S.C. § 1983, as well as claims under Florida law.

## JURISDICTION AND VENUE

2.      Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. §§ 1983 and 1988 and 28 U.S.C. §§ 1331 and 1343, as to the federal claims herein. The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue in this district is proper pursuant to 28 U.S.C. § 1391 because the cause of action arose in this district.

## PARTIES

4.      Plaintiff, Candice Buckner, is an adult resident of Duval County, Florida and a citizen of the United States.

5.      Defendant, Charlas Dehling, was, at all times relevant, a sworn law enforcement officer of the Jacksonville Sheriff's Office ("JSO"). At all times relevant to this case, Defendant Dehling acted within the course and scope of his employment with JSO, or, alternatively, acted with the actual or apparent authority of JSO, and acted under color of state law.

6.      Defendant, Kenneth Spencer, was, at all times relevant, a sworn law enforcement officer of JSO. At all times relevant to this case, Defendant Spencer acted within the course and scope of his employment with JSO, or, alternatively, acted with the actual or apparent authority of JSO, and acted under color of state law.

7.      Defendant, Danny Knowles, was, at all times relevant, a sworn law enforcement officer of JSO. At all times relevant to this case, Defendant Knowles acted within the course and scope of his employment with JSO, or, alternatively, acted with the actual or apparent authority of JSO, and acted under color of state law.

8.      Defendant, Richard Vercruysse, was, at all times relevant, a sworn law enforcement officer of JSO. At all times relevant to this case, Defendant Vercruysse acted within

2

the course and scope of his employment with JSO, or, alternatively, acted with the actual or apparent authority of JSO, and acted under color of state law.

9.    Defendant, Paul Voutour, was, at all times relevant, a sworn law enforcement officer of JSO. At all times relevant to this case, Defendant Voutour acted within the course and scope of his employment with JSO, or, alternatively, acted with the actual or apparent authority of JSO, and acted under color of state law.

10.    Defendant, Chad Collier, was, at all times relevant, a sworn law enforcement officer of JSO. At all times relevant to this case, Defendant Collier acted within the course and scope of his employment with JSO, or, alternatively, acted with the actual or apparent authority of JSO, and acted under color of state law.

11.    Defendant, John Rutherford, in his official capacity as Sheriff of the Consolidated City of Jacksonville, Florida, was, at all times relevant, responsible for the supervision, training, instruction, discipline, control and conduct of police officers of the JSO, and made policies for the JSO with respect to officers' use of Florida's Driving and Vehicle Information Database ("DAVID").

## FACTUAL ALLEGATIONS

12.    On or about August 15, 2012, Defendant Dehling accessed DAVID, ran a query on Plaintiff, and obtained, disclosed, and/or used Plaintiff's personal information and photographs/images stored on the system.

13.    Defendant Dehling admitted that he obtained, disclosed, and/or used Plaintiff's DAVID information for an impermissible purpose.

3

14.     On or about August 15, 2012, Defendant Spencer accessed DAVID, ran a query on Plaintiff, and obtained, disclosed, and/or used Plaintiff's personal information and photographs/images stored on the system.

15.     Defendant Spencer admitted that he obtained, disclosed, and/or used Plaintiff's DAVID information for an impermissible purpose.

16.     Defendant Spencer received formal counseling from the JSO as a result of his misuse of the DAVID system.

17.     On or about August 16, 2012, Defendant Knowles accessed DAVID, ran a query on Plaintiff, and obtained, disclosed, and/or used Plaintiff's personal information and photographs/images stored on the system.

18.     Defendant Knowles admitted that he obtained, disclosed, and/or used Plaintiff's DAVID information for an impermissible purpose.

19.     On or about August 16, 2012, Defendant Vercruysse accessed DAVID, ran a query on Plaintiff, and obtained, disclosed, and/or used Plaintiff's personal information and photographs/images stored on the system.

20.     Defendant Vercruysse admitted that he obtained, disclosed, and/or used Plaintiff's DAVID information for an impermissible purpose.

21.     Defendant Vercruysse received formal counseling from the JSO as a result of his misuse of the DAVID system.

22.     On or about August 16, 2012, Defendant Voutour accessed DAVID, ran a query on Plaintiff, and obtained, disclosed, and/or used Plaintiff's personal information and photographs/images stored on the system.

23. Defendant Voutour admitted that he obtained, disclosed, and/or used Plaintiff's DAVID information for an impermissible purpose.

24. Defendant Voutour received formal counseling from the JSO as a result of his misuse of the DAVID system.

25. On approximately seven (7) separate occasions during the year 2012, Defendant Collier knowingly and intentionally obtained, disclosed, and/or used Plaintiff's personal information and images/photos on DAVID for an impermissible purpose.

26. Defendant Collier received one level-one written reprimand from the JSO for his misuse of Plaintiff's DAVID information.

**COUNT I**
**18 U.S.C. § 2724**
**DPPA VIOLATION**
**(Defendant Dehling)**

27. Paragraphs 1 through 26 above are realleged and incorporated by reference herein.

28. Defendant Dehling is a "person" within the meaning of 18 U.S.C. § 2724(a) and 18 U.S.C. § 2725(2).

29. Defendant Dehling knowingly obtained, disclosed, and/or used Plaintiff's "personal information" as defined in 18 U.S.C. § 2725(3) and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), for purposes not permitted by the DPPA, with willful or reckless disregard of the law, which was clearly established at the time, and without Plaintiff's express or implied consent.

30. Defendant Dehling's actions violated the DPPA.

31. As a direct and proximate result of Defendant Dehling's violation of the DPPA, Plaintiff has suffered damages, including, but not limited to, attorneys' fees, injury to reputation,

5

humiliation, severe pain and suffering, monetary loss of earnings, and severe emotional and psychological distress.

WHEREFORE, Plaintiff Buckner demands judgment against Defendant Dehling, individually, for:

      a) actual and compensatory damages;

      b) punitive damages;

      c) liquidated damages;

      d) an award of attorney's fees and costs; and

      e) any other relief this Court deems just and proper.

**COUNT II**
**42 U.S.C. § 1983**
**VIOLATION OF PLAINTIFF'S RIGHT TO PRIVACY**
**(Defendant Dehling)**

32.    Paragraphs 1 through 26 above are realleged and incorporated by reference herein.

33.    The acts of Defendant Dehling, described above, have subjected Plaintiff to the deprivation of her right to privacy, as secured by the DPPA, and are therefore actionable under 42 U.S.C. § 1983.

34.    As a direct and proximate result of Defendant Dehling's willful or reckless violation of Plaintiff's statutory right to privacy, which was clearly established at the time, Plaintiff has suffered damages, including, but not limited to, attorneys' fees, injury to reputation, humiliation, severe pain and suffering, monetary loss of earnings, and severe emotional and psychological distress.

WHEREFORE, Plaintiff Buckner demands judgment against Defendant Dehling, individually, for:

6

a) actual and compensatory damages;

b) punitive damages;

c) liquidated damages;

d) an award of attorney's fees and costs; and

e) any other relief this Court deems just and proper.

## COUNT III
## 18 U.S.C. § 2724
## DPPA VIOLATION
### (Defendant Spencer)

35.     Paragraphs 1 through 33 above are realleged and incorporated by reference herein.

36.     Defendant Spencer is a "person" within the meaning of 18 U.S.C. § 2724(a) and 18 U.S.C. § 2725(2).

37.     Defendant Spencer knowingly obtained, disclosed, and/or used Plaintiff's "personal information" as defined in 18 U.S.C. § 2725(3) and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), for purposes not permitted by the DPPA, with willful or reckless disregard of the law, which was clearly established at the time, and without Plaintiff's express or implied consent.

38.     Defendant Spencer's actions violated the DPPA.

39.     As a direct and proximate result of Defendant Spencer's violation of the DPPA, Plaintiff has suffered damages, including, but not limited to, attorneys' fees, injury to reputation, humiliation, severe pain and suffering, monetary loss of earnings, and severe emotional and psychological distress.

WHEREFORE, Plaintiff Buckner demands judgment against Defendant Spencer, individually, for:

    a) actual and compensatory damages;

    b) punitive damages;

    c) liquidated damages;

    d) an award of attorney's fees and costs; and

    e) any other relief this Court deems just and proper.

**COUNT IV**
**42 U.S.C. § 1983**
**VIOLATION OF PLAINTIFF'S RIGHT TO PRIVACY**
**(Defendant Spencer)**

40.    Paragraphs 1 through 33 above are realleged and incorporated by reference herein.

41.    The acts of Defendant Spencer, described above, have subjected Plaintiff to the deprivation of her right to privacy, as secured by the DPPA, and are therefore actionable under 42 U.S.C. § 1983.

42.    As a direct and proximate result of Defendant Spencer's willful or reckless violation of Plaintiff's statutory right to privacy, which was clearly established at the time, Plaintiff has suffered damages, including, but not limited to, attorneys' fees, injury to reputation, humiliation, severe pain and suffering, monetary loss of earnings, and severe emotional and psychological distress.

WHEREFORE, Plaintiff Buckner demands judgment against Defendant Spencer, individually, for:

    a) actual and compensatory damages;

    b) punitive damages;

8

c) liquidated damages;

d) an award of attorney's fees and costs; and

e) any other relief this Court deems just and proper.

**COUNT V**
**18 U.S.C. § 2724**
**DPPA VIOLATION**
**(Defendant Knowles)**

43.     Paragraphs 1 through 33 above are realleged and incorporated by reference herein.

44.     Defendant Knowles is a "person" within the meaning of 18 U.S.C. § 2724(a) and 18 U.S.C. § 2725(2).

45.     Defendant Knowles knowingly obtained, disclosed, and/or used Plaintiff's "personal information" as defined in 18 U.S.C. § 2725(3) and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), for purposes not permitted by the DPPA, with willful or reckless disregard of the law, which was clearly established at the time, and without Plaintiff's express or implied consent.

46.     Defendant Knowles' actions violated the DPPA.

47.     As a direct and proximate result of Defendant Knowles' violation of the DPPA, Plaintiff has suffered damages, including, but not limited to, attorneys' fees, injury to reputation, humiliation, severe pain and suffering, monetary loss of earnings, and severe emotional and psychological distress.

WHEREFORE, Plaintiff Buckner demands judgment against Defendant Knowles, individually, for:

a) actual and compensatory damages;

b) punitive damages;

9

c) liquidated damages;

d) an award of attorney's fees and costs; and

e) any other relief this Court deems just and proper.

**COUNT VI**
**42 U.S.C. § 1983**
**VIOLATION OF PLAINTIFF'S RIGHT TO PRIVACY**
**(Defendant Knowles)**

48.    Paragraphs 1 through 33 above are realleged and incorporated by reference herein.

49.    The acts of Defendant Knowles, described above, have subjected Plaintiff to the deprivation of her right to privacy, as secured by the DPPA, and are therefore actionable under 42 U.S.C. § 1983.

50.    As a direct and proximate result of Defendant Knowles' willful or reckless violation of Plaintiff's statutory right to privacy, which was clearly established at the time, Plaintiff has suffered damages, including, but not limited to, attorneys' fees, injury to reputation, humiliation, severe pain and suffering, monetary loss of earnings, and severe emotional and psychological distress.

WHEREFORE, Plaintiff Buckner demands judgment against Defendant Knowles, individually, for:

a) actual and compensatory damages;

b) punitive damages;

c) liquidated damages;

d) an award of attorney's fees and costs; and

e) any other relief this Court deems just and proper.

10

## COUNT VII
## 18 U.S.C. § 2724
## DPPA VIOLATION
### (Defendant Vercruysse)

51.     Paragraphs 1 through 26 above are realleged and incorporated by reference herein.

52.     Defendant Vercruysse is a "person" within the meaning of 18 U.S.C. § 2724(a) and 18 U.S.C. § 2725(2).

53.     Defendant Vercruysse knowingly obtained, disclosed, and/or used Plaintiff's "personal information" as defined in 18 U.S.C. § 2725(3) and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), for purposes not permitted by the DPPA, with willful or reckless disregard of the law, which was clearly established at the time, and without Plaintiff's express or implied consent.

54.     Defendant Vercruysse's actions violated the DPPA.

55.     As a direct and proximate result of Defendant Vercruysse's violation of the DPPA, Plaintiff has suffered damages, including, but not limited to, attorneys' fees, injury to reputation, humiliation, severe pain and suffering, monetary loss of earnings, and severe emotional and psychological distress.

WHEREFORE, Plaintiff Buckner demands judgment against Defendant Vercruysse, individually, for:

   a)  actual and compensatory damages;

   b)  punitive damages;

   c)  liquidated damages;

   d)  an award of attorney's fees and costs; and

   e)  any other relief this Court deems just and proper.

11

**COUNT VIII**
**42 U.S.C. § 1983**
**VIOLATION OF PLAINTIFF'S RIGHT TO PRIVACY**
**(Defendant Vercruysse)**

56.     Paragraphs 1 through 26 above are realleged and incorporated by reference herein.

57.     The acts of Defendant Vercruysse, described above, have subjected Plaintiff to the deprivation of her right to privacy, as secured by the DPPA, and are therefore actionable under 42 U.S.C. § 1983.

58.     As a direct and proximate result of Defendant Vercruysse's willful or reckless violation of Plaintiff's statutory right to privacy, which was clearly established at the time, Plaintiff has suffered damages, including, but not limited to, attorneys' fees, injury to reputation, humiliation, severe pain and suffering, monetary loss of earnings, and severe emotional and psychological distress.

WHEREFORE, Plaintiff Buckner demands judgment against Defendant Vercruysse, individually, for:

a)  actual and compensatory damages;

b)  punitive damages;

c)  liquidated damages;

d)  an award of attorney's fees and costs; and

e)  any other relief this Court deems just and proper.

12

**COUNT IX**
**18 U.S.C. § 2724**
**DPPA VIOLATION**
**(Defendant Voutour)**

59.     Paragraphs 1 through 26 above are realleged and incorporated by reference herein.

60.     Defendant Voutour is a "person" within the meaning of 18 U.S.C. § 2724(a) and 18 U.S.C. § 2725(2).

61.     Defendant Voutour knowingly obtained, disclosed, and/or used Plaintiff's "personal information" as defined in 18 U.S.C. § 2725(3) and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), for purposes not permitted by the DPPA, with willful or reckless disregard of the law, which was clearly established at the time, and without Plaintiff's express or implied consent.

62.     Defendant Voutour's actions violated the DPPA.

63.     As a direct and proximate result of Defendant Voutour's violation of the DPPA, Plaintiff as suffered damages, including, but not limited to, attorneys' fees, injury to reputation, humiliation, severe pain and suffering, monetary loss of earnings, and severe emotional and psychological distress.

WHEREFORE, Plaintiff Buckner demands judgment against Defendant Voutour, individually, for:

a)  actual and compensatory damages;

b)  punitive damages;

c)  liquidated damages;

d)  an award of attorney's fees and costs; and

e)  any other relief this Court deems just and proper.

13

**COUNT X**
**42 U.S.C. § 1983**
**VIOLATION OF PLAINTIFF'S RIGHT TO PRIVACY**
**(Defendant Voutour)**

64.     Paragraphs 1 through 26 above are realleged and incorporated by reference herein.

65.     The acts of Defendant Voutour, described above, have subjected Plaintiff to the deprivation of her right to privacy, as secured by the DPPA, and are therefore actionable under 42 U.S.C. § 1983.

66.     As a direct and proximate result of Defendant Voutour's willful or reckless violation of Plaintiff's statutory right to privacy, which was clearly established at the time, Plaintiff has suffered damages, including, but not limited to, attorneys' fees, injury to reputation, humiliation, severe pain and suffering, monetary loss of earnings, and severe emotional and psychological distress.

WHEREFORE, Plaintiff Buckner demands judgment against Defendant Voutour, individually, for:

a) actual and compensatory damages;

b) punitive damages;

c) liquidated damages;

d) an award of attorney's fees and costs; and

e) any other relief this Court deems just and proper.

14

**COUNT XI**
**18 U.S.C. § 2724**
**DPPA VIOLATION**
**(Defendant Collier)**

67.     Paragraphs 1 through 26 above are realleged and incorporated by reference herein.

68.     Defendant Collier is a "person" within the meaning of 18 U.S.C. § 2724(a) and 18 U.S.C. § 2725(2).

69.     Defendant Collier knowingly obtained, disclosed, and/or used Plaintiff's "personal information" as defined in 18 U.S.C. § 2725(3) and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), for purposes not permitted by the DPPA, with willful or reckless disregard of the law, which was clearly established at the time, and without Plaintiff's express or implied consent.

70.     Defendant Collier's actions violated the DPPA.

71.     As a direct and proximate result of Defendant Collier's violations of the DPPA, Plaintiff has suffered damages, including, but not limited to, attorneys' fees, injury to reputation, humiliation, severe pain and suffering, monetary loss of earnings, and severe emotional and psychological distress.

WHEREFORE, Plaintiff Buckner demands judgment against Defendant Collier, individually, for:

      a) actual and compensatory damages;

      b) punitive damages;

      c) liquidated damages;

      d) an award of attorney's fees and costs; and

      e) any other relief this Court deems just and proper.

15

## COUNT XII
## 42 U.S.C. § 1983
## VIOLATION OF PLAINTIFF'S RIGHT TO PRIVACY
### (Defendant Collier)

72.    Paragraphs 1 through 26 above are realleged and incorporated by reference herein.

73.    The acts of Defendant Collier, described above, have subjected Plaintiff to the deprivation of her right to privacy, as secured by the DPPA, and are therefore actionable under 42 U.S.C. § 1983.

74.    As a direct and proximate result of Defendant Collier's willful or reckless violations of Plaintiff's statutory right to privacy, which was clearly established at the time, Plaintiff has suffered damages, including, but not limited to, attorneys' fees, injury to reputation, humiliation, severe pain and suffering, monetary loss of earnings, and severe emotional and psychological distress.

WHEREFORE, Plaintiff Buckner demands judgment against Defendant Collier, individually, for:

a)  actual and compensatory damages;

b)  punitive damages;

c)  liquidated damages;

d)  an award of attorney's fees and costs; and

e)  any other relief this Court deems just and proper.

16

## COUNT XIII
## 18 U.S.C. § 2724
## DPPA VIOLATION
### (Defendant Rutherford)

75.     Paragraphs 1 through 26 above are realleged and incorporated by reference herein.

76.     Defendant Rutherford is a "person" within the meaning of 18 U.S.C. § 2724(a) and 18 U.S.C. § 2725(2).

77.     Defendants Dehling, Spencer, Knowles, Vercruysse, Voutour, and Collier, all employees of the JSO, knowingly obtained, disclosed, and/or used Plaintiff's "personal information" as defined in 18 U.S.C. § 2725(3) and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), for purposes not permitted by the DPPA, with willful or reckless disregard of the law, which was clearly established at the time, and without Plaintiff's express or implied consent.

78.     Defendants Dehling, Spencer, Knowles, Vercruysse, Voutour, and Collier's actions violated the DPPA.

79.     As a direct and proximate result of Defendants Dehling, Spencer, Knowles, Vercruysse, Voutour, and Collier's violations of the DPPA, Plaintiff has suffered damages, including, but not limited to, attorneys' fees, injury to reputation, humiliation, severe pain and suffering, monetary loss of earnings, and severe emotional and psychological distress.

WHEREFORE, Plaintiff Buckner demands judgment against Defendant Rutherford, in his official capacity as Sheriff of the Consolidated City of Jacksonville, Florida, for:

a)  actual and compensatory damages;

b)  punitive damages;

c)  liquidated damages;

17

d) an award of attorney's fees and costs; and

e) any other relief this Court deems just and proper.

## COUNT XIV
### 42 U.S.C. § 1983
### VIOLATION OF PLAINTIFF'S RIGHT TO PRIVACY
### (Defendant Rutherford)

80.    Paragraphs 1 through 26 above are realleged and incorporated by reference herein.

81.    The above-referenced acts of Defendants Dehling, Spencer, Knowles, Vercruysse, Voutour, and Collier, all employees of the JSO, have subjected Plaintiff to the deprivation of her right to privacy, as secured by the DPPA, and are therefore actionable under 42 U.S.C. § 1983.

82.    As a direct and proximate result of Defendants Dehling, Spencer, Knowles, Vercruysse, Voutour, and Collier's willful or reckless violation of Plaintiff's statutory right to privacy, which was clearly established at the time, Plaintiff has suffered damages, including, but not limited to, attorneys' fees, injury to reputation, humiliation, severe pain and suffering, monetary loss of earnings, and severe emotional and psychological distress.

WHEREFORE, Plaintiff Buckner demands judgment against Defendant Rutherford, in his official capacity as Sheriff of the Consolidated City of Jacksonville, Florida, for:

a) actual and compensatory damages;

b) punitive damages;

c) liquidated damages;

d) an award of attorney's fees and costs; and

e) any other relief this Court deems just and proper.

18

## COUNT XV
## STATE LAW CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Defendant Dehling)

83.     Paragraphs 1 through 26 above are realleged and incorporated by reference herein.

84.     Defendant Dehling's conduct described above was intentional and reckless.

85.     Defendant Dehling knew or should have known that emotional distress to Plaintiff would likely result.

86.     Defendant Dehling's conduct was outrageous and exceeded all bounds of decency, and is regarded as odious and utterly intolerable in a civilized community.

87.     Defendant Dehling's conduct caused Plaintiff's emotional distress.

88.     The emotional distress to Plaintiff was severe.

WHEREFORE, Plaintiff Buckner demands judgment against Defendant Dehling, individually, for:

   (a)     actual and compensatory damages;

   (b)     punitive damages;

   (b)     an award of attorney's fees and costs; and

   (d)     any other relief this Court deems just and proper.

## COUNT XVI
## STATE LAW CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Defendant Spencer)

89.     Paragraphs 1 through 26 above are realleged and incorporated by reference herein.

90.     Defendant Spencer's conduct described above was intentional and reckless.

19

91.     Defendant Spencer knew or should have known that emotional distress to Plaintiff would likely result.

92.     Defendant Spencer's conduct was outrageous and exceeded all bounds of decency, and is regarded as odious and utterly intolerable in a civilized community.

93.     Defendant Spencer's conduct caused Plaintiff's emotional distress.

94.     The emotional distress to Plaintiff was severe.

WHEREFORE, Plaintiff Buckner demands judgment against Defendant Spencer, individually, for:

(a)     actual and compensatory damages;

(b)     punitive damages;

(b)     an award of attorney's fees and costs; and

(d)     any other relief this Court deems just and proper.

## COUNT XVII
## STATE LAW CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Defendant Knowles)

95.     Paragraphs 1 through 26 above are realleged and incorporated by reference herein.

96.     Defendant Knowles' conduct described above was intentional and reckless.

97.     Defendant Knowles knew or should have known that emotional distress to Plaintiff would likely result.

98.     Defendant Knowles' conduct was outrageous and exceeded all bounds of decency, and is regarded as odious and utterly intolerable in a civilized community.

99.     Defendant Knowles' conduct caused Plaintiff's emotional distress.

100.    The emotional distress to Plaintiff was severe.

WHEREFORE, Plaintiff Buckner demands judgment against Defendant Knowles, individually, for:

  (a)  actual and compensatory damages;

  (b)  punitive damages;

  (b)  an award of attorney's fees and costs; and

  (d)  any other relief this Court deems just and proper.

**COUNT XVIII**
**STATE LAW CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Defendant Vercruysse)**

101. Paragraphs 1 through 26 above are realleged and incorporated by reference herein.

102. Defendant Vercruysse's conduct described above was intentional and reckless.

103. Defendant Vercruysse knew or should have known that emotional distress to Plaintiff would likely result.

104. Defendant Vercruysse's conduct was outrageous and exceeded all bounds of decency, and is regarded as odious and utterly intolerable in a civilized community.

105. Defendant Vercruysse's conduct caused Plaintiff's emotional distress.

106. The emotional distress to Plaintiff was severe.

WHEREFORE, Plaintiff Buckner demands judgment against Defendant Vercruysse, individually, for:

  (a)  actual and compensatory damages;

  (b)  punitive damages;

  (b)  an award of attorney's fees and costs; and

  (d)  any other relief this Court deems just and proper.

21

## COUNT XIX
## STATE LAW CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Defendant Voutour)

107.   Paragraphs 1 through 26 above are realleged and incorporated by reference herein.

108.   Defendant Voutour's conduct described above was intentional and reckless.

109.   Defendant Voutour knew or should have known that emotional distress to Plaintiff would likely result.

110.   Defendant Voutour's conduct was outrageous and exceeded all bounds of decency, and is regarded as odious and utterly intolerable in a civilized community.

111.   Defendant Voutour's conduct caused Plaintiff's emotional distress.

112.   The emotional distress to Plaintiff was severe.

WHEREFORE, Plaintiff Buckner demands judgment against Defendant Voutour, individually, for:

        (a)     actual and compensatory damages;

        (b)     punitive damages;

        (b)     an award of attorney's fees and costs; and

        (d)     any other relief this Court deems just and proper.

## COUNT XX
## STATE LAW CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Defendant Collier)

113.   Paragraphs 1 through 26 above are realleged and incorporated by reference herein.

114.   Defendant Collier's conduct described above was intentional and reckless.

22

115.   Defendant Collier knew or should have known that emotional distress to Plaintiff would likely result.

116.   Defendant Collier's conduct was outrageous and exceeded all bounds of decency, and is regarded as odious and utterly intolerable in a civilized community.

117.   Defendant Collier's conduct caused Plaintiff's emotional distress.

118.   The emotional distress to Plaintiff was severe.

WHEREFORE, Plaintiff Buckner demands judgment against Defendant Collier, individually, for:

      (a)     actual and compensatory damages;

      (b)     punitive damages;

      (b)     an award of attorney's fees and costs; and

      (d)     any other relief this Court deems just and proper.

## COUNT XXI
## STATE LAW CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Defendant Rutherford)

119.   Paragraphs 1 through 26 above are realleged and incorporated by reference herein.

120.   Plaintiffs has satisfied all conditions precedent to bringing this action as required pursuant to § 768.28, Fla. Stat. (2012) and §§ 112.201-112.205, Jacksonville Ordinance Code.

121.   The conduct, described above, of Defendants Dehling, Spencer, Knowles, Vercruysse, Voutour, and Collier, all employees of the JSO, was intentional and reckless.

122.   Defendants Dehling, Spencer, Knowles, Vercruysse, Voutour, and Collier knew or should have known that emotional distress to Plaintiff would likely result.

123.    Defendants Dehling, Spencer, Knowles, Vercruysse, Voutour, and Collier's conduct was outrageous and exceeded all bounds of decency, and is regarded as odious and utterly intolerable in a civilized community.

124.    Defendants Dehling, Spencer, Knowles, Vercruysse, Voutour, and Collier's conduct caused Plaintiff's emotional distress.

125.    The emotional distress to Plaintiff was severe.

WHEREFORE, Plaintiff Buckner demands judgment against Defendant Rutherford, in his official capacity as Sheriff of the Consolidated City of Jacksonville, Florida, for:

(a)     actual and compensatory damages;

(b)     punitive damages;

(b)     an award of attorney's fees and costs; and

(d)     any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Buckner hereby demands trial by jury on all issues so triable.

24

Respectfully submitted,

Wm. J. Sheppard, Esquire
Florida Bar No.: 109154
Elizabeth L. White, Esquire
Florida Bar No.: 314560
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Bryan E. DeMaggio, Esquire
Florida Bar No.: 055712
Sheppard, White & Kachergus, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone:     (904) 356-9661
Facsimile:     (904) 356-9667
Email:         sheplaw@att.net
COUNSEL FOR PLAINTIFF

ldh[buckner.candace.complaint]

25