## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CANDICE BUCKNER,

        Plaintiff,

vs.   Case No. 3:13-cv-578-J-32JRK

JOHN RUTHERFORD, in his official capacity
as Sheriff of Duval County, Florida, CHALAS
DEHLING, KENNETH SPENCER, DANNY
KNOWLES, RICHARD VERCRUYSSE,
PAUL VOUTOUR, and CHAD COLLIER,

        Defendants.

## **ORDER**

    This case is before the Court on Defendants Dehling, Spencer, Knowles, Vercruysse, Voutour, and Collier's Motion to Dismiss Complaint. (Doc. 13). Plaintiff Candice Buckner has filed a response. (Doc. 15). The motion is denied because Plaintiff successfully stated a claim upon which relief can be granted.

    Plaintiff's complaint contains three counts each against seven defendants, alleging violations of 18 U.S.C. § 2724 ("the DPPA") and 42 U.S.C. § 1983, as well as intentional infliction of emotional distress. (Doc. 1).[1] Defendants move to dismiss the complaint for failure to state a claim, alleging: 1. The DPPA is unconstitutional as applied. 2. There was no violation of a statutory right, and no violation of clearly established law sufficient to form a § 1983 claim. 3. In the absence of a violation of the DPPA, there is no grounds for a claim of intentional infliction of emotional distress. (Doc. 13).

---

[1] Defendant, Sheriff John Rutherford, has filed an answer. (Doc. 16).

The DPPA provides a cause of action against an individual who "knowingly obtains, discloses, or uses personal information, from a motor vehicle record, for a purpose not permitted" by statute. 18 U.S.C. § 2724 (West 2006). Defendants allege that Congress' powers under the Commerce Clause cannot reach the improper obtainment of driver information for a non-commercial purpose, thus making the DPPA's bar on such obtainment an unconstitutional exercise of Congressional power. (Doc. 13 at 7-8).

In analyzing the constitutionality of a statute, courts begin with the presumption that an act of Congress is constitutional. Reno v. Condon, 528 U.S. 141, 148 (2000). The Supreme Court has previously analyzed the DPPA in a case dealing with the sale of personal information contained in South Carolina's DMV records. Id. at 147. In Reno, the Court found the DPPA to be a valid exercise of Congress' powers under the Commerce Clause. Id. at 148. Specifically, the identifying information regulated by the DPPA was found to be an article of commerce because it was used both by those "engaged in interstate commerce to contact drivers with customized solicitations" and "in the stream of interstate commerce by various public and private entities for matters related to interstate motoring." Id.

Congress may regulate intrastate activities that are so closely related to interstate commerce that their regulation is appropriate to protect that interstate commerce. United States v. Lopez, 514 U.S. 549, 555 (1995). Here, the regulation of mere obtainment is necessary as a first step in regulating the movement of motor vehicle record information in interstate commerce. Indeed, regulation of obtainment or possession is frequently used as part of a scheme to regulate interstate commerce in a product. Gonzales v. Raich, 545 U.S.

1, 26 (2005). Therefore, while the DPPA may be at the outer limit of Congress' authority under the Commerce Clause, its enactment remains constitutional nonetheless.[2]

Qualified immunity bars actions for damages against a public official performing a discretionary function unless the official violates a clearly established federal right of which a reasonable person should have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Plaintiff's complaint adequately alleges a violation of a statutory obligation under the DPPA. The only question is whether that obligation was clear. The plain language of a statute may be specific enough on its own to clearly establish that a particular act is unlawful. Collier v. Dickinson, 477 F.3d 1306, 1311-12 (11th Cir. 2007). Here, the statute states that any "person who knowingly obtains . . . personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains . . . ." 18 U.S.C. § 2724 (West 2006). If defendants in fact ran a query on Plaintiff and obtained her personal information from DAVID, the driver information database, it may well be clear enough from the statute's language alone that this behavior is unlawful. Further, a case within this district has already recognized this exact behavior as a violation of the DPPA. See English v. Parker, 6:09-cv-1914-ORL-31, 2011 WL 1842890 (M.D. Fla. May 16, 2011) (granting summary judgment as to liability under the DPPA where the defendant, a law enforcement officer, accessed the plaintiff's personal information through DAVID for personal use). Thus, at the pleading stage, Defendants are not entitled

---

[2] In light of recent developments in Commerce Clause jurisprudence, the Court may decide to revisit this issue at a later stage when the record is more fully developed.

to dismissal of the § 1983 claims on grounds of qualified immunity.[3]

Finally, since the DPPA claims are not dismissed, there are no remaining grounds upon which Defendants allege the remaining counts of intentional infliction of emotional distress should be dismissed.

Accordingly, it is hereby

**ORDERED**:

Defendants Dehling, Spencer, Knowles, Vercruysse, Voutour, and Collier's Motion to Dismiss Complaint (Doc. 13) is **DENIED**. No later than **November 1, 2013**, Defendants should answer the complaint.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of October, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

W.
Copies:
Counsel of record

---

[3] If appropriate, the Court will revisit the qualified immunity issue at the summary judgment phase of the proceedings.